MRS. F. C. FISHER ET AL. V. MONTVALE LUMBER COMPANY.

(Filed 28 May, 1913.)

Appeal and Error—Stenographer's Notes of Trial—Case Settled by Judge—Remanding Case—Procedure.

Where by the order of the trial judge in settling a case on appeal, the stenographer's notes of the trial are set out as part thereof, in violation of the rule of the Supreme Court, the cause will be remanded, that a case on appeal be correctly stated; and in this case the Court allows the appellant fifteen days after the case reaches the county from which it is appealed to serve his case, and the appellee ten days after such service to prepare and serve exceptions or counter-case.

APPEAL by plaintiff from *Long, J.,* at the October Term, 1912, of SWAIN.

The appellee moves to dismiss the appeal, or to affirm the judgment, for that the evidence in the case on appeal is not stated in narrative form, but by question and answer. An inspection of the record discloses that the evidence, as taken by the stenographer, by question and answer, is made a part of the case, but that this was done by order of the judge.

*F. C. Fisher for plaintiff.*

*Frye, Gantt & Frye, W. L. Taylor, and Bryson & Black for defendant.*

PER CURIAM. On 19 February, 1913, this Court adopted the following rule:

FISHER *v.* LUMBER CO.

"The evidence in case on appeal shall be in narrative form, and not by question and answer, except that a question and answer, or a series of them, may be set out when the subject of a particular exception.

"When this rule is not complied with, and the case on appeal is settled by the judge, this Court will in its discretion hear the appeal, or remand for a settlement of the case to conform to this rule.

"If the case is settled by agreement of counsel, or the statement of appellant is the case on appeal, and the rule is not complied with, and the appeal is from a judgment of nonsuit, the appeal will be dismissed.

"In other cases the Court will in its discretion dismiss the appeal or remand for a settlement of the case on appeal."

The enforcement of the rule is a necessity. The use of the stenographer in trials in the Superior Court is increasing, and the temptation to incorporate all of his notes in the case, instead of taking the time to prepare a case on appeal, is great. If permitted, we will frequently be required to read hundreds of pages of evidence that have no bearing on the points raised by the appeal, and the costs in this Court will become burdensome to litigants.

It is, therefore, ordered, in accordance with the rule (the stenographic notes having been incorporated in the case by order of the judge) that the cause be remanded, to the end that a case on appeal be stated.

The appellant will have fifteen days after this opinion reaches the Superior Court of Swain to prepare and serve his case on appeal, and the appellee ten days after such service to prepare and serve exceptions or counter-case.

Remanded.